UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEFF SCOTT                                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:21-CV-00034-KHJ-MTP

ONE BEACON AMERICA INSURANCE COMPANY;
ATLANTIC SPECIALTY INSURANCE COMPANY;
US 1 INDUSTRIES, INC.; TRANSPORT LEASING, INC;
and JOHN AND JANE DOES 1-10                                                        DEFENDANTS

ORDER

This action is before the Court on the Motion to Dismiss [15] filed by Defendants One Beacon America Insurance Company, Atlantic Specialty Insurance Company, US 1 Industries, Inc., and Transport Leasing Inc. (hereinafter "Defendants"). For the following reasons, the Court grants Defendants' Motion to Dismiss [15].

I. Factual Background and Procedural History

Plaintiff Joseff Scott alleges his co-worker ran him over with an 18-wheeler. Compl. [1], ¶ 8. The truck fractured Scott's pubic bone and right foot, and further injured his right leg and knee. *Id.*, ¶ 10. Scott sought medical care that included hospitalization and surgery to treat these injuries. *Id.*, ¶ 11. At the time of the accident, Scott was covered under his employer's occupational accident insurance policy, Policy No. 216-000-282 ("Policy"), issued by Defendant Atlantic Specialty. Count 1 of Scott's Complaint and the Defendants' Motion to Dismiss [15] focuses on this Policy's validity. The Policy provides for Accidental Medical Expense benefits up to 104 weeks (two years) and a Maximum Benefit Amount per accident of

$2,000,000.00 [1-1] at 7.

Scott sued Defendants, alleging the Policy conflicts with Mississippi Code Annotated Section 71-3-5. *Id.*, ¶ 21. He seeks injunctive relief to invalidate the Policy's two-year limitation on medical treatment. *Id.*, ¶ 27. Defendants move to dismiss Count I of Scott's Complaint, arguing he fails to state a claim upon which relief can be granted because the Policy does not conflict with Section 71-3-5. [15].

II.     Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

---

[1] Scott incorrectly stated in his Response that the *Conley* standard still applies. [19] at 4. *Conley* was overturned by the United States Supreme Court in *Twombly* and upheld in *Iqbal*.

III.   Analysis

The sole focus of Defendants' motion is whether the Policy's two-year limitation on medical expenses complies with Mississippi Code Annotated Section 71-3-5. Defendants argue the Policy is consistent with this statute because the Policy provides for $2,000,000.00 in coverage, which exceeds the statutory requirement, and because the statute does not require an insurer to cover an insured's occupational accident insurance benefits for any length of time. [15] at 3. Scott responds that the Policy restricting these benefits to two-years conflicts with the purpose of the Mississippi Worker's Compensation Law and with the timeframes for benefits in Sections 71-3-13, 71-3-15, and 71-3-17.

Section 71-3-5 requires "[a]n owner/operator, and his drivers" to provide "a certificate of insurance of workers' compensation coverage to the motor carrier or . . . an occupational accident policy" with "a minimum of One Million Dollars ($1,000,000.00) of coverage." Miss. Code. Ann. § 71-3-5. If these individuals fail to provide proof of coverage, they "shall be covered under the motor carrier's workers' compensation insurance program." *Id.* If they do provide proof of coverage, they "shall not be entitled to benefits under the motor carrier's workers' compensation program unless the owner/operator has elected in writing to be covered under the carrier's compensation program or policy or if the owner/operator is covered by the carrier's plan because he failed to obtain coverage." *Id.* That said, "[n]othing shall prohibit or prevent an owner/operator from having or securing an occupational

3

accident policy in addition to any workers' compensation coverage authorized by this section." *Id.*

The Policy provides Scott with a maximum of $2,000,000.00 in Accidental Medical Expense benefits for up to two years. Scott argues this two-year limitation conflicts with several provisions of the Mississippi Workers' Compensation Law. This Court, however, addressed this exact issue in *Witte v. Zurich American Insurance Company*, No. 1:18-CV-214-HSO-JCG, 2019 WL 1006241 (S.D. Miss. Mar. 1, 2019). In *Witte*, the plaintiff sought to invalidate her occupational accident insurance policy's 104-week limitation for medical expenses, arguing this limitation conflicted with Mississippi Code Annotated Sections 71-3-5, 71-3-13, 71-3-15, and 71-3-17—the same argument Scott raises. *Id.* at *4. The *Witte* Court found that Sections 71-3-13, 71-3-15, and 71-3-17 do not apply to the payment of medical expenses and that the time limit on medical expenses did not conflict with Section 71-3-5. *Id.* at *4-5.

The same reasoning applies here. Because Count I of Scott's Complaint only challenges the Policy's 104-week limitation of medical expenses, Sections 71-3-13, 71-3-15, and 71-3-17 do not apply. *Id.* Neither does this limitation conflict with Section 71-3-5, which only requires an occupational accident policy to cover a minimum of $1,000,000.00. The Policy satisfies this requirement by covering up to $2,000,000.00 in medical expenses.

Scott has failed to distinguish *Witte* or explain why he believes the Court incorrectly decided *Witte*. He does, however, argue that the Policy conflicts with the

4

purpose of the Mississippi Workers' Compensation Law, which is "to pay reasonable and necessary medical expenses resulting from the work-related injury." Miss. Code. Ann. § 71-3-1. But this argument ignores the fact that Section 71-3-5 provides only one requirement for an occupational accident insurance policy to be reasonable—the minimum coverage requirement. As the Court already stated, the Policy satisfies this requirement by covering up to $2,000,000.00 in medical expenses. And Section 71-3-5 explicitly provides that an owner or operator may secure an occupational accident policy "in addition to any workers' compensation coverage authorized by this section." If Scott had wanted to pay for another occupational accidental insurance policy in addition to his employer's workers' compensation program, he could have done so. For these reasons, the Policy does not conflict with any of the stated provisions of the Mississippi Workers' Compensation Law, and the Court grants Defendants' Motion to Dismiss Count I of Scott's Complaint.

IV. Conclusion

The Court has considered all arguments. Those the Court does not address would not have changed the outcome. For the reasons stated, the Court grants Defendants' Motion to Dismiss [15].

SO ORDERED AND ADJUDGED this the 20th day of July, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE